UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL DR. MICHAEL MORGAN,<br><br>Plaintiff,<br><br>-against-<br><br>MARIO MONELLO; VINCENT J. PUMA; THOAMS G. PINOU; THAE KWEON; MICHAEL D. HAMERSKY; MICHAEL ANSOLABEHER; JOE KOPIDLANSKY; ST. MARK'S WORLD ACQUISTIONS LLC; IOS ACQUISTIONS LLC; NPM MANAGEMENT LLC; PROSPERITY BANK; GRIFFIN HAMERSKY LLP,<br><br>Defendants. | 1:22-CV-6404 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Michael Morgan, who is appearing *pro se*, filed this action under the False Claims Act. He sues: (1) Mario Monello; (2) Vincent J. Puma; (3) Thomas G. Pinou; (4) Thae Kweon; (5) Michael D. Hamersky; (6) Michael Ansolabehere; (7) Joe Kopidlansky; (8) St. Mark's World Acquisitions LLC; (9) IOS Acquisitions LLC; (10) NPM Management LLC; (11) Prosperity Bank; and (12) Griffin Hamersky LLP. He has also filed a motion to file his complaint under seal.

Plaintiff has paid the fees to bring this action. For the reasons set forth below, the Court denies Plaintiff's motion and dismisses this action.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-

matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Leave to amend need not be granted, however, if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . . " *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the defendants "have conspired to defraud the government [of] almost $3.5 million . .  in [United States Small Business Administration Paycheck Protection Program] money that was intended to help businesses that suffered from the impact of" the COVID-19 pandemic. (ECF 1, at 41.) He seeks injunctive relief and damages.

## DISCUSSION

### A. False Claims Act

Plaintiff asserts claims under the False Claims Act ("FCA"), which imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on

the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery." *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)). The United States "remains the real party in interest." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). Although a *qui tam* action is litigated by the relator, it "is not the relator's 'own' case as required by 28 U.S.C. § 1654, nor one in which he has 'an interest personal to him.'" *Id.* (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

In order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558; *see* § 1654. Because a litigant can proceed *pro se* only when bringing his own case, and because a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro se." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)). Accordingly, because Plaintiff cannot proceed *pro se* with his claims under the FCA, the Court dismisses these claims without prejudice to Plaintiff's bringing these claims again in a separate civil action in which he is represented by an attorney.

**B. Motion to file complaint under seal**

Plaintiff has filed a motion to file his complaint under seal. A party requesting the sealing of court documents must overcome a strong presumption in favor of public access to judicial records, *see Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and "[t]he burden of

demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action," *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiff's motion appears to be predicated on the FCA's requirement that complaints filed under that statute "shall be filed *in camera* [and] shall remain under seal for at least 60 days. . . ." 31 U.S.C. § 3730(b)(2). The Court has dismissed Plaintiff's claims under the FCA, however, and thus, there is no longer a statutory basis to shield this action from public view. Moreover, Plaintiff's complaint is a "judicial document," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The Court therefore denies Plaintiff's motion to file his complaint under seal.

**C. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill*, 657 F.3d at 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment – namely, because Plaintiff cannot bring this *qui tam* action *pro se* – the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

For the reasons set forth in this order, the Court denies Plaintiff's motion to file his complaint under seal (ECF 2), and the Court dismisses this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Judgment shall issue.

SO ORDERED.

Dated: September 2, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge